# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT
# APPEAL NO. 24-1126

---

**KYLE KWOKA**, as representative of the opt-in plaintiffs for addressing the issues now on appeal;  **CAROLINA LOPEZ**, as representative of the opt-in plaintiffs for addressing the issues now on appeal,

Plaintiffs - Appellants,

**MAMADOU ALPHA BAH**, individually and on behalf of all others similarly situated individuals,

Plaintiff,

v.

**ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC and ENTERPRISE HOLDINGS, INC.**,

Defendants - Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS, BOSTON
No. 1:17-cv-12542-MLW
The Honorable Mark L. Wolf

---

BRIEF OF AMICI CURIAE THE MASSACHUSETTS EMPLOYMENT
LAWYERS ASSOCIATION SUPPORTING PLAINTIFFS-APPELLANTS

---

*For the Massachusetts Employment Lawyers Association:*
Philip J. Gordon (1st Cir. # 1142934)
Gordon Law Group, LLP
585 Boylston Street
Boston, MA 02116
T: (617) 536-1800
E: pgordon@gordonllp.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... iii

TABLE OF AUTHORITIES ............................................................................ iii

CORPORATE DISCLOSURE STATEMENT ....................................................1

INTEREST OF AMICI CURIAE .......................................................................1

STATEMENT OF FACTS .................................................................................2

SUMMARY OF ARGUMENT ..........................................................................3

ARGUMENT ......................................................................................................4

   I. Equitable Tolling Should Be Allowed to Effectuate The Remedial Purpose of the FLSA ................................................................................4

CONCLUSION .................................................................................................10

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 32(a)(7)(B) ..............11

CERTIFICATE OF SERVICE .........................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981)...............................3

*Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 U.S. Dist. LEXIS 21315, 2007
    WL 707475, at *8 (N.D. Cal. Mar. 6, 2007)………………………………… 8

*Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1012-1015 (6th
    Cir. 2023) ........................................................................................................8, 9

*Davine v. Golub Corp.*, 2015 U.S. Dist. LEXIS 378052, at *1-2 (D. Mass.
    Mar. 25, 2015)……………………………………………………………….5

*Gonpo v. Sonam's Stonewalls & Art LLC,* 2018 U.S. Dist. LEXIS 60333,
    *7-18 (D. Mass. Apr. 9, 2018)……………………………………… 3, 4, 5, 6, 10

*Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170-171 (1989)………… 3, 4, 6, 7

*Israel Antonio-Morales v. Bimbo's Best Produce*, 2009 U.S. Dist. LEXIS
    51833, 2009 WL 1591172, at *2 (E.D. La. Apr. 20, 2009)……………………7

*McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012)….8

*Pineda v. Skinner Servs.*, 2020 U.S. Dist. LEXIS 177867, *31 (D. Mass. 2020)…7

*Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 514 (E.D.N.Y.
    2011)………………………………………………………………………….5

*Rossello v. Avon Prods.*, 2015 U.S. Dist. LEXIS 83388, *41-42 (D.P.R. June 24,
    2015)…………………………………………………………………… 4, 10

*Stickle v. SCI Western Mkt. Support Ctr., L.P.*, 2008 U.S. Dist. LEXIS 83315, 2008
    WL 4446539, at *22 (D. Ariz. Sep. 30, 2008) ……………………………..8

*Yahraes v. Restaurant Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115, 2011
    WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011)……………………………….7

**Statutes**

29 U.S.C. § 201 *et seq.*............................................................................... *passim*

**Administrative Materials**

7B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1807 (3d. ed. 2016) ................................................................................... 5

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, Amici Curiae the Massachusetts Employment Lawyers Association ais a nonprofit organizations that has no parent corporations and does not issue stock.

## INTEREST OF AMICI CURIAE[1]

**The Massachusetts Employment Lawyers Association** ("MELA") is a voluntary membership organization of more than 200 lawyers who regularly represent employees in labor, employment, and civil rights disputes in Massachusetts. MELA is an affiliate of the National Employment Lawyers Association (NELA), a membership organization with 69 circuit, state and local affiliates and more than 4,000 lawyers who regularly represent employees in such disputes. NELA is the largest organization in the United States whose members litigate and counsel individuals, employees, and applicants with claims arising out of the workplace. As part of its advocacy efforts, MELA has filed numerous *amicus curiae* briefs in employment matters involving issues of state and federal law.

---

[1] This brief is conditionally submitted pursuant to Fed. R. App. P. 29, subject to leave of court. None of the parties' counsel has authored this brief in whole or in part. Neither the parties nor their counsel have contributed money that was intended to fund the preparation or submission of the brief. No persons other than the Amici Curiae, its members, or its counsel have contributed money or services that were intended to fund the preparation or submission of the brief.

The interest of MELA in this case is to protect the rights of workers by ensuring the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), is construed in accordance with its remedial purpose and in a manner that protects all covered workers from substandard wages and oppressive working hours.

## STATEMENT OF FACTS

Amici adopt the statement of facts presented by the Plaintiffs-Appellants.

## SUMMARY OF ARGUMENT

Amici urge the Court to reverse the decision of the District Court holding that the potential opt-in plainitffs are not entitled to an equitable tolling of the statute of limitations set forth in the FLSA. The FLSA's remedial scheme seeks to ensure that all workers receive a fair day's pay for a fair day's work. *Barrentine v. Arkansas-Best Freight Sys*., 450 U.S. 728, 739 (1981). To effectuate this goal, the statute allows employees to proceed collectively. "FLSA collective actions were created to promote the efficient adjudication of similar claims, so similarly situated employees, whose claims are often small and not likely to be brought on an individual basis, may join together and pool their resources to prosecute claims." *Gonpo v. Sonam's Stonewalls & Art LLC,* 2018 U.S. Dist. LEXIS 60333, *7-18 (D. Mass. Apr. 9, 2018).

But the benefits of a collective action, as set forth above, "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, at 170-171. This stated purpose of the FLSA would be frustrated by allowing employers to create unnecessary delays in litigation in an effort to allow the statute of limitations to expire before employees are notified of their right to proceed with their claims collectively.

3

# ARGUMENT

## I. EQUITABLE TOLLING SHOULD BE ALLOWED TO EFFECTUATE THE REMEDIAL PURPOSE OF THE FLSA.

The Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 et seq., is a unique statute. "The FSLA [sic] is designed to vindicate the rights of employees, either individually or, when appropriate, collectively." *Rossello v. Avon Prods.*, 2015 U.S. Dist. LEXIS 83388, *41-42 (D.P.R. June 24, 2015). "Collective action is appropriate when there are employees 'similarly situated' to the named plaintiffs." *Id*. "As courts have unanimously interpreted it, section 216(b) allows plaintiff-employees to enforce FLSA overtime and minimum provisions in 'collective actions' on behalf of themselves and those 'similarly situated.'" *Gonpo*, at *7-18. Importantly though, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

For this reason, "[d]istrict courts have broad discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to section 216(b)." *Id., citing Hoffmann-La Roche Inc.*, at 173. In order to do so, most Courts use a two-step process. "Under this two-step process, 'the court makes an initial determination of whether the potential class should receive notice of the pending action and then later, after discovery is

complete, the court makes a final 'similarly situated' determination.'" *Id.,* citing *Davine v. Golub Corp.*, 2015 U.S. Dist. LEXIS 378052, at *1-2 (D. Mass. Mar. 25, 2015). "Initially, during what is often called the 'notice stage,' courts make a preliminary 'similarly situated' finding and determine whether to authorize notice to a potential class of the opportunity to opt into the suit." *Id.* "The second stage occurs at the completion of discovery when the employer may move to decertify the class action." *Id.* "At that point a 'more stringent' standard applies, *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011), and courts consider, among other factors, 'various defenses available to the employer which appear to be individual to each employee' and other 'fairness and procedural considerations.'" *Id.,* citing 7B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1807 (3d. ed. 2016).

"A more restricted standard better serves the purpose of notice stage determinations, 'which is merely to determine whether 'similarly situated' plaintiffs do in fact exist.'" *Id.* "At the second stage [a] district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *Id.*

"Limiting the preliminary inquiry in this way, moreover, better serves section 216(b)'s 'broad remedial goal' and the very purpose of allowing for

5

collective actions in FLSA suits." *Id*. "As Judge Saylor has noted, 'FLSA collective actions were created to promote the efficient adjudication of similar claims, so similarly situated employees, whose claims are often small and not likely to be brought on an individual basis, may join together and pool their resources to prosecute claims.'" *Id.*

The benefits of a collective action, as set forth above, "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170-171 (1989). Because employees must file a written consent to join a collective action under the FLSA, and the statute of limitations continues to run until this written consent is filed, Courts have recognized the importance of sending notice to other similarly situated individuals as soon as possible. "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Id.*

Relying on the facts provided by the Plaintiffs, in the case at bar the Plaintiffs filed a Motion for Notice in December of 2017, and this Motion was not granted until June of 2022. Leaving aside the lengthy procedural history of this

6

case, the fact remains that other similarly situated employees, through no fault of their own, did not receive the requisite notice in a timely fashion, and as such were not allowed to make an informed decision about whether to participate in the collective action.

So what should the District Court do in this circumstance? Recognizing the remedial purpose of the FLSA, "multiple courts have exercised their authority to toll the FLSA limitations periods when delays in litigation or the class certification process would have time-barred plaintiffs' claims." *Pineda v. Skinner Servs.*, 2020 U.S. Dist. LEXIS 177867, *31 (D. Mass. 2020); *see also*, *Israel Antonio-Morales v. Bimbo's Best Produce*, 2009 U.S. Dist. LEXIS 51833, 2009 WL 1591172, at *2 (E.D. La. Apr. 20, 2009) (tolling FLSA limitations period during stay sought by Department of Justice); *Yahraes v. Restaurant Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (collecting cases for the proposition that delay in litigation may be deemed an "extraordinary circumstance" justifying equitable tolling of the FLSA limitations period); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 U.S. Dist. LEXIS 21315, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007) (tolling FLSA limitations period, not based on wrongdoing by defendant, but to avoid injustice of procedurally barring claims of potential plaintiffs who had not joined previous lawsuit addressing similar employment practices); *McGlone v.*

*Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (tolling from date of filing of motion for conditional certification because "those . . . pursuing the claims should also not be penalized due to the courts' heavy docket and understandable delays in rulings"); *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, 2008 U.S. Dist. LEXIS 83315, 2008 WL 4446539, at *22 (D. Ariz. Sep. 30, 2008) (tolling during time that motions to dismiss and for conditional certification were under advisement). The District Court should do the same here.

A concurring opinion in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1012-1015 (6th Cir. 2023) provides a helpful analysis of equitable tolling in the context of the FLSA. While the main opinion dealt with the standard of review in the "notice stage", and ultimately imported a heightened standard that has been rejected by the First Circuit, the concurrence raised the necessity of equitable tolling when dealing with a heightened standard, which inevitably would cause a delay. Judge Bush stated,

> "[t]he heightened standard we announce, with its concomitant discovery and requirement to litigate defenses, may significantly lengthen the period before potential plaintiffs are notified of a pending FLSA lawsuit. As a result, many potential plaintiffs may not learn of the FLSA action until after the limitations period for some or all of their claims has run. This concern of late notice already arises under the FLSA notification process…implementation of the newly

8

> announced standard without consideration of tolling is likely to deplete remedies Congress has duly provided."
>
> …
>
> "Equitable considerations support the use of tolling for FLSA collective actions…. It is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute. Congress must be presumed to draft limitations periods in light of this background principle… Tolling the FLSA limitations period is familiar to federal courts. This is especially true in jurisdictions that have heightened the bar for determining whether potential plaintiffs are "similarly situated" with party plaintiffs…[I]n situations where court delay has time-barred a sizeable number of potential plaintiffs, many courts find that the delay alone warrants equitable tolling and decline to analyze the typical equitable tolling factors."

>    *Id.*

The overarching principle is that employees should not be forced to bear the consequences of delay, whether that delay is created by a heightened standard or by lengthy litigation. A refusal to grant equitable tolling in situations such as this would run contrary to the stated purpose of the FLSA, which was "designed to vindicate the rights of employees, either individually or, when appropriate, collectively."  *Rossello*, at *41-42.

When confronted with the issue of equitable tolling in the face of a remedial statute such as the FLSA, the District Court must keep the stated purpose of that statue in mind.  "FLSA collective actions were created to promote the efficient

9

adjudication of similar claims, so similarly situated employees, whose claims are often small and not likely to be brought on an individual basis, may join together and pool their resources to prosecute claims." *Gonpo*, at *18. This stated purpose of the FLSA would be frustrated by allowing employers to create unnecessary delays in litigation in order to allow the statute of limitations to expire before employees are notified of their right to proceed with their claims collectively.

## CONCLUSION

For the foregoing reasons, the Massachusetts Employment Lawyers Association respectfully requests that this Court reverse the decision below and hold that the opt-in plaintiffs are entitled to equitable tolling of the FLSA limitations period.

    Respectfully Submitted,
The Massachusetts Employment Lawyers Association and the National Employment Law Project, By Their Attorney,

*/s/ Philip J. Gordon*
Philip J. Gordon (1st Cir. # 1142934)
Gordon Law Group, LLP
585 Boylston Street
Boston, MA 02116
T: (617) 536-1800
F: (617) 536-1802
E: pgordon@gordonllp.com

Date: May 8, 2024

10

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 32(a)(7)(B)

  Pursuant to Fed. R. App. P. 32 (a)(5), I hereby certify that this brief uses 14-Point Times New Roman, a proportionally-spaced font. Pursuant to Fed. R. App. P. 32 (a)(7)(B), I certify that the brief was prepared using Microsoft Word, and contains 2,100 words, including all citations but exclusive of all certificates of counsel, Table of Contents, Table of Authorities, and Corporate Disclosure Statement, according to that system's word count function.

Date: May 8, 2024             */s/ Philip J. Gordon*
                     Philip J. Gordon

## CERTIFICATE OF SERVICE

  I hereby certify that this brief, filed through the PACER/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: May 8, 2024             */s/ Philip J. Gordon*
                     Philip J. Gordon